1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   UMG RECORDINGS, INC.; ARISTA RECORDS
7  LLC; ELEKTRA ENTERTAINMENT GROUP
   INC.; CAPITOL RECORDS, INC.; LAFACE
8  RECORDS LLC; SONY BMG MUSIC
   ENTERTAINMENT; and MOTOWN RECORD
9  COMPANY, L.P.
10

**E-filing**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

14  UMG RECORDINGS, INC., a Delaware      CASE NO.  CV 07 6033
    corporation; ARISTA RECORDS LLC, a
15  Delaware limited liability company; ELEKTRA    *EX PARTE* APPLICATION FOR LEAVE
    ENTERTAINMENT GROUP INC., a Delaware   TO TAKE IMMEDIATE DISCOVERY
16  corporation; CAPITOL RECORDS, INC., a
17  Delaware corporation; LAFACE RECORDS
    LLC, a Delaware limited liability company;
18  SONY BMG MUSIC ENTERTAINMENT, a
    Delaware general partnership; and MOTOWN
19  RECORD COMPANY, L.P., a California
20  limited partnership,
                          Plaintiffs,
21
22        v.

23  JOHN DOE,
                          Defendant.
24

1  Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is being sued for direct copyright infringement.[1]

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///
///
///
///

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#34012 v1

1  WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2  foregoing requested discovery immediately.
3  Dated: November 29, 2007                     HOLME ROBERTS & OWEN LLP

                                                By: _____
                                                MATTHEW FRANKLIN JAKSA
                                                Attorney for Plaintiffs
                                                UMG RECORDINGS, INC.; ARISTA
                                                RECORDS LLC; ELEKTRA
                                                ENTERTAINMENT GROUP INC.;
                                                CAPITOL RECORDS, INC.; LAFACE
                                                RECORDS LLC; SONY BMG MUSIC
                                                ENTERTAINMENT; and MOTOWN
                                                RECORD COMPANY, L.P.