Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; ARISTA RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP INC.; CAPITOL RECORDS, INC.; LAFACE RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; and MOTOWN RECORD COMPANY, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and MOTOWN RECORD COMPANY, L.P., a California limited partnership,<br><br>          Plaintiffs,<br><br>  v.<br><br>JOHN DOE,<br>          Defendant. | CASE NO. 5:07-CV-06033-RMW<br><br>Honorable Ronald M. Whyte<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 60 days to serve Defendant with the Summons and Complaint. As further explained below, Plaintiffs have believe they have discovered the identity of the Doe defendant in this case and have contacted this person in an attempt to resolve the dispute without further litigation. Plaintiffs thus seek additional time to effectuate service in the event the dispute is not resolved and Plaintiffs file a First Amended Complaint naming Defendant individually. In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is June 26, 2008. The initial case management conference is set for July 25, at 10:30 a.m. The case management conference and service deadline were both previously continued once upon Plaintiffs' request by the Court's Order of March 19, 2008.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on November 29, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, University of California, Berkeley.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on November 29, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. Plaintiffs withdrew their *Ex Parte* Application for Leave to take Immediate Discovery on March 17, 2008, because, upon receiving notice of the lawsuit from the ISP, the Defendant, though her attorney, came forward to identify herself.

5. Thereafter, settlement discussions took place with Defendant and her attorney, and Plaintiffs believe that a settlement has been reached. Settlement documents were mailed on May 29, 2008, but have not yet been executed and returned to Plaintiffs.

6. If the signed settlement documents are returned by July 15, 2008 or shortly thereafter, Plaintiffs will file appropriate dispositional documents with the Court. If not, Plaintiffs plan to file a

1

1  First Amended Complaint naming the Defendant in this case, and then proceed to serve process upon
2  her.

3      7.    Given the circumstances of this case, Plaintiffs respectfully request an additional 60
4  days to effectuate service.

5      8.    Plaintiffs submit that their efforts to notify Defendant of their claims and resolve the
6  case before naming her in the lawsuit constitute good cause for any delay in perfecting service. *See*
7  *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause
8  standard for service extensions). Moreover, unlike a traditional case in which the defendant is
9  known by name and efforts to serve can begin immediately after filing the complaint, in this case
10 Plaintiffs first attempted obtain the identity of the defendant through the subpoena to the ISP. This
11 Court has discretion to enlarge the time to serve even where there is no good cause shown.
12 *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

13     9.    Because the copyright infringements here occurred in 2007, the three-year limitations
14 period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no
15 prejudice to the Defendant from any delay in serving the Complaint.

16     10.    Plaintiffs will provide the Defendant with a copy of this request and any Order
17 concerning this request when service of process occurs.

Dated: September 20, 2007                  HOLME ROBERTS & OWEN LLP

By:     */s/ Dawniell Alise Zavala*
       DAWNIELL ALISE ZAVALA
       Attorney for Plaintiffs
       UMG RECORDINGS, INC.; ARISTA
       RECORDS LLC; ELEKTRA
       ENTERTAINMENT GROUP INC.;
       CAPITOL RECORDS, INC.; LAFACE
       RECORDS LLC; SONY BMG MUSIC
       ENTERTAINMENT; and MOTOWN
       RECORD COMPANY, L.P.

## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to August 22, 2008.

Dated: _____        By: _____
                                         Honorable Ronald M. Whyte
                                         United States District Judge